O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, </br> Plaintiff, </br> v. </br> ANDREW LEE FUENTEZ, </br> Defendant. | Case No. EDCR 08- 174  VAP </br> **ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE** </br> **[Motion filed on December 8, 2007.]** |

The Court has received and considered all papers filed in support of, and opposition to, Defendant Andrew Lee Fuentez's ("Defendant") Motion to Suppress Evidence ("Mot."), as well as the evidence and argument presented by all counsel at the evidentiary hearing conducted on January 29, 2009.  For the reasons set forth below, the Court DENIES the Motion.

**I.  BACKGROUND**

The four count indictment filed by the Government in this case charges Defendant with possession with the

intent to distribute approximately 141 grams of cocaine (violation of 21 U.S.C. § 841(a)(1)); possession with the intent to distribute approximately 20 grams of marijuana (violation of 21 U.S.C. § 841(a)(1)); possession of a firearm during and in furtherance of a drug trafficking crime (violation of 18 U.S.C. § 924(d)); and seeks forfeiture of two firearms pursuant to 18 U.S.C. § 924(d).

Defendant moves to suppress all evidence seized after the warrantless search of his vehicle by Riverside Police Officers Timothy Jensen and David Hammer. Defendant consented to the search of his car, but contends the evidence must be suppressed because "the officers who stopped Mr. Fuentez's car had no constitutionally valid reason to do so." (Mot. at 1.)

## II. DISCUSSION

**A. Validity of the Terry[1] Stop**

At 8:45 p.m. on July 26, 2008, Officers Hammer and Jensen were on patrol on La Sierra Avenue in Riverside, when they saw and heard Defendant's car, a Chevrolet Monte Carlo. The Officers heard very loud music coming from the Monte Carlo, a violation of California Vehicle Code section 27007. Officer Hammer was driving the marked Riverside Police Department patrol car, and

---

[1] Terry v. Ohio, 392 U.S. 1, 27 (1968).

recognized the Monte Carlo as Defendant's car.  He asked Officer Jensen to run a check through CLETS on the patrol car's computer to determine whether the car's registration was current.[2]

Officer Jensen typed the information about the vehicle's license plate and make into the computer, and a few seconds later he received a response that the Monte Carlo's registration had expired only a few days earlier. Both officers testified that Officer Hammer did not activate the patrol car's red lights, thus signifying to Defendant to pull his car over, until they had the information from CLETS that Defendant's vehicle registration had expired.

Once Defendant pulled his car over in response to the lights from the patrol car, Officer Hammer approached and told him the officers were stopping him because of the loud music; he did not tell Defendant he was being stopped because his vehicle's registration had expired.

At the hearing on this Motion, the defense argued the motion must be granted because the evidence, i.e., the declarations and the testimony presented at the hearing, and the reasonable inferences to be drawn from it, do not

---

[2] The car's registration appeared current, as it bore a July 2008 sticker.  See Ex. B to Def.'s Mot.

3

support the conclusion that the officers had reasonable suspicion (indeed, probable cause) to stop Defendant for driving his car without valid registration.  As it is undisputed that neither officer told Defendant at the beginning of their contact with him that they had pulled him over for anything other than violation of Vehicle Code section 27007, Defendant contends, the existence of reasonable suspicion to do so is irrelevant, and lacking reasonable suspicion that the vehicle was not currently registered, the stop and the subsequent search were unconstitutional.

Furthermore, Defendant urges the Court to reject the officers' testimony that they obtained the information from CLETS before they initiated the traffic stop.  He points to the discrepancy between the testimony of Officer Jensen about the amount of time that elapsed while the patrol car followed the car for a few blocks, and the testimony of defense investigator Gentillalli on this point.  He also relies on the testimony that Officer Hammer recognized the Monte Carlo immediately upon sighting it, and his direction to his partner to initiate the CLETS inquiry about the car's registration.  Finally, he also notes the location where the officers directed Defendant to stop his car, in relation to the video camera equipment in the nearby market.  In sum, according to the defense, all of the testimony and inferences

therefrom support the conclusion that the officers activated their red-lights and thus initiated the traffic stop *before* the response from the CLETS system.

The discrepancies cited by the defense are minor and do not convince the Court that the officers received the information from CLETS that the car's registration had expired after they instigated the traffic stop.  For example, neither the minor discrepancies regarding the timing of the sighting of the Monte Carlo, nor Officer Hammer's statement to Defendant regarding the basis for the traffic stop, cast doubt on the testimony that the officers had confirmation of the vehicle's registration status by the time they pulled Defendant over.

The declarations and testimony from both officers establish there was, at a minimum, reasonable suspicion to support the traffic stop that evening.  Both officers testified they heard very loud music coming from Defendant's car, a violation of Vehicle Code section 27007; this alone would have supported the stop. Although Defendant argues this basis is not sufficient because Officer Hammer only told him he was stopped for the section 27007 violation, and not the registration violation later described in the police report, he cites no authority for the proposition that a Fourth Amendment violation occurs when an officer who has reasonable

suspicion that one crime (or more than one crime) has been committed only reports the more serious violation.

Even if Defendant were correct that the officers did not confirm the expiration of the Monte Carlo's registration until after the instigation of the traffic stop on July 26, no Fourth Amendment violation would have occurred here.  In <u>United States v. Mendez</u>, 476 F.3d 1077 (9th Cir. 2007), Phoenix, Arizona police officers pulled the defendant's car over because "it did not appear to have a license plate or temporary registration tag;" once the defendant was detained, one officer ran a records check on the patrol car's computer while the other officer questioned the defendant about matters unrelated to the vehicle registration, including his gang affiliation, and eventually, whether he had any weapons in his car.  When the defendant admitted he did, the officers recovered a gun and Mendez was indicted on charges of being a felon in possession of a firearm.  The trial court denied his motion to suppress the evidence recovered from his car, and the Ninth Circuit affirmed the ruling.

In other words, here the officers had reasonable suspicion to stop Defendant because of the loud music they heard coming from his car, in violation of the California Vehicle Code; while detaining him for

questioning about that, *even if they still were conducting the investigation on the car's registration*, given the brief amount of time involved it did not unreasonably prolong the stop, and no Fourth Amendment violation occurred.  <u>Mendez</u>, 476 F.3d at 1079.

Furthermore, to the extent Defendant relies on the suggestion that Officer Hammer decided to detain Defendant as soon as he saw him that evening, under <u>Whren v. United States</u>, 517 U.S. 806, 813 (1996), "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."

For the foregoing reasons, the Court DENIES the Motion.

**IT IS SO ORDERED.**


Dated: <u>February 11, 2009</u>          _____
                                         VIRGINIA A. PHILLIPS
                                         United States District Judge